IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LAWRENCE WASHINGTON, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) |  |
| v. | ) ) | Case No. CIV-18-1255-D |
| JANET DOWLING, | ) ) ) |  |
| Respondent. | ) |  |

**ORDER**

Lawrence Ray Washington, appearing *pro se*,[1] filed this Petition for Writ of Habeas Corpus [Doc. No. 5] pursuant to 28 U.S.C. § 2254, challenging several state court convictions. *See* Oklahoma Supreme Court Network, Case Nos. CF-2015-297 and CF-2015-492.[2] The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent moved for dismissal of the action. On March 25, 2019, Judge Purcell issued a Report and Recommendation ("R&R" or "Report") [Doc. No. 19] in which he recommended that the Court grant Respondent's motion and the Petition for a Writ of Habeas Corpus Pursuant to

---

[1] Although the Court liberally construes *pro se* filings, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), the Court cannot take on the responsibility of serving as Petitioner's attorney in constructing arguments or searching the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2015-297&cmid=423712 and
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2015-492&cmid=428583.

28 U.S.C. § 2254 [Doc. No. 1] be dismissed with prejudice as untimely because the statute of limitations period prescribed by 28 U.S.C. § 2244(d) expired prior to its filing.

Petitioner has filed a timely written objection [Doc. No. 20]. The Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner objects to the Report on the following grounds: (1) the statute of limitations was tolled until the expiration of the period with in which he could file a writ of certiorari to the Supreme Court for review of the Oklahoma Court of Criminal Appeals' ("OCCA") denial of his application to file appeal out of time; and, (2) ineffective assistance of counsel denied him the appellate process.

As stated more fully below, the Court, upon *de novo* review, overrules Petitioner's Objection and adopts the Report and Recommendation in its entirety.

### DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Judge Purcell was required to review the Petition upon filing and to recommend dismissal if it appeared from the face of the Petition that Petitioner was not entitled to relief. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The expiration of the statute of limitations is properly considered upon such review. *Id.*

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 provides a statute of limitations for the filing of a writ of habeas corpus by a person in custody pursuant to the judgment of a State court of one year. The statute of limitations begins to run on whichever is later—"the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where Petitioner has timely filed a proper request for post-conviction relief, the statute of limitations is tolled during the time in which that request is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). In his objection, Petitioner does not dispute Judge Purcell's historical account of the state court proceedings; thus, the Court accepts this portion of the Report.

A.  **Statutory Tolling**

Plaintiff objects to the manner in which Judge Purcell applied statutory tolling to the statute of limitations. Petitioner asserts that the statute of limitations was tolled until "the time for filing a certiorari petition" to the United States Supreme Court expired. Objection at 5. Based on this assertion, Petitioner contends his Petition was timely filed by twenty-four (24) days. *Id*. However, the Court concurs with Judge Purcell's interpretation of allowable tolling of the statute of limitation with respect to the facts of this case.

In support of his position, Petitioner relies on *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003), in which the Supreme Court holds that:

> for ***federal*** criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.

*Clay*, 537 U.S. at 532 (emphasis added). *Clay* is inapposite because: (1) it deals with the calculation of the statute of limitation period set forth in § 2255; and, (2) the federal

3

prisoner in *Clay* timely engaged in the process of direct review of his convictions. *Id*. at 524. Petitioner did not timely initiate the direct review process, nor does his application to file appeal out of time constitute initiation of the direct review process.

Petitioner admits that he failed to timely file an application to withdraw his guilty plea. Objection at 3. In order "to appeal from any conviction on a plea of guilty or nolo contendere," a defendant must file "in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence." Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Failure to timely file such an application renders the judgment final. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (finding that Petitioner's unappealed guilty pleas became "final ten days after entry of Judgment and Sentence"). Because an application to withdraw guilty plea begins the direct review process, the deadline to file the application is the "expiration of the time for seeking such review." Therefore, the expiration of the time for seeking direct review of Petitioner's convictions was May 25, 2017, ten days after he entered his plea of guilty.

Petitioner filed his motion to withdraw his guilty plea and to appeal out of time in the district court on March 19, 2018. Report at 2. Petitioner filed an appeal of the denial of that motion on June 6, 2018, which was denied on August 9, 2018. Report at 3-4; Petition at 3; *See also*, Oklahoma Supreme Court Network, Case No. PC-2018-574. Because the Court cannot add significantly to Judge Purcell's thorough analysis of the application of statutory tolling of the limitations period, the Court adopts those portions of the Report and Recommendation as though fully set forth herein.

4

B. **Equitable Tolling**

Judge Purcell found no basis for equitable tolling of the one-year limitations period of § 2244(d)(1) on the basis of actual innocence. Report at 5. Petitioner presents no objection to this determination but instead contends that ineffective assistance of counsel denied him the appellate process and that this constituted an "extraordinary circumstance" justifying equitable tolling of the statute of limitations. Objection at 6. Petitioner relies on *Garza v. Idaho*, 139 S. Ct. 738, 743, 203 L. Ed. 2d 77 (2019), and contends that the statute of limitations should be equitably tolled to February 27, 2019, *Garza's* publication date. Objection at 6. However, *Garza* does not address petitions for habeas corpus or the statute of limitations period of § 2244(d)(1). Instead, *Garza* considered only the question of whether a showing of prejudice was required in order to seek postconviction relief on the basis of ineffective assistance of counsel. *Garza*, 139 S.Ct. at 743, 746-747. The *Garza* Court held that a presumption of prejudice "applies regardless of whether a defendant has signed an appeal waiver." *Id*. at 749. Finally, Petitioner offers no argument supporting equitable tolling of the statute of limitation to the date of the *Garza* opinion. Accordingly, the Court finds no extraordinary circumstances justifying equitable tolling of the statute of limitations.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 19] is **ADOPTED**. Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. No. 13] is **GRANTED**. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** with prejudice as untimely. Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 22nd day of May 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE